UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE OPERATING ENGINEERS
LOCAL 324 PENSION FUND,
         Plaintiffs,

                                                    Case No.:
                                                    Hon.

v.

OEMC LLC and
OEMC LLC d/b/a OEMC RENTALS,
         Defendant.
_____/

**DAVID J. SELWOCKI P51375**
**MATTHEW I. HENZI  P57334**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
25800 Northwestern Hwy., Suite 1000
Southfield, MI 48075
248.746.0700
jnicholson@swappc.com
_____/

## COMPLAINT FOR WITHDRAWAL LIABILITY

**NOW COME** the Trustees of the OPERATING ENGINEERS LOCAL 324 PENSION FUND, by and through their attorneys, SULLIVAN, WARD, ASHER & PATTON, P.C., and for their Complaint for Withdrawal Liability against Defendant, OEMC LLC, state as follows:

    1.    Plaintiffs are the Trustees of the Operating Engineers Local 324 Pension Fund, which is a Trust Fund with administrative offices in the

Township of Bloomfield, Oakland County, Michigan (hereinafter the "FUND").

2. Defendant, OEMC LLC (hereinafter "OEMC"), was at all relevant times a Michigan corporation.

3. At relevant times, OEMC operated under an assumed name certificate filed with the State of Michigan, to do business as OEMC RENTAL, INC.

4. The FUND is administered by a joint board of trustees, the Plaintiffs, pursuant to the terms and provisions of its Agreement and Declaration of Trust. The FUND was established pursuant to the Collective Bargaining Agreement entered into between the Operating Engineers' Local 324 Union and certain employers and employer associations, whose members employ members of the Union, and the Fund is required to be administered and maintained in accordance with the provisions of the LMRA, ERISA, and other applicable state and federal statutes.

5. At all relevant times, OEMC was bound to a contract with the Operating Engineers Local 324 Union.

6. The FUND is a third-party beneficiary to the Collective Bargaining Agreement between OEMC and the Operating Engineers' Local 324 Union.

7. Pursuant to the terms and provisions of the Collective Bargaining Agreement between OEMC and the Union, OEMC agreed to pay, in addition to wages, employee fringe benefit contributions to the FUND for each employee employed by OEMC and covered by the Agreement.

8. OEMC had an obligation to pay employee benefit contributions to Plaintiff Fund.

9. Beginning on or about August, 2014 OEMC completely withdrew from its obligations to the FUND as set forth in 29 USC §1383.

10. Pursuant to 29 USC §1381, when a company signatory to a Collective bargaining agreement ceases to have an obligation to contribute to the Pension Fund, withdrawal liability is assessed.

11. Based on OEMC's cessation of contributions to the FUND, it has incurred withdrawal liability in the amount of $623,547.00, plus statutory interest.

12. This is an action for the collection of delinquent withdrawal liability pursuant to 29 USC §1451 and 29 USC §1145.  Jurisdiction and venue are proper in this Court pursuant to 29 USC §1451 and 29 USC §1132.  Further, this Court has further jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer.

13. On May 20, 2015, Plaintiff submitted a demand for payment of withdrawal liability to OEMC pursuant to 29 USC §1399.

14. Pursuant to the demand provided by the Plaintiff as set forth above, OEMC was to make its first payment toward the withdrawal liability on August 1, 2015, as set forth in an amortization schedule. 29 USC §1399.

15. OEMC failed to make its first payment and/or any payments, leaving a principal balance of due and owing withdrawal liability in the amount of $623,547.00.

16. On August 21, 2015, Plaintiff provided a sixty-day notice to OEMC requiring OEMC to make the payments as required or the entire balance would become due including all accrued interest. 29 USC §1399(c)(5).

17. On October 22, 2015, the Plaintiff provided a demand for full balance due pursuant to 29 USC §1399(c)(5).

18. Despite the requirements of federal law and the demands made by Plaintiff, OEMC has failed and/or refused to pay its withdrawal liability.

19. Pursuant to 29 USC §1451 the failure to pay withdrawal liability as required is to be treated in the same manner as failure to make ongoing contribution payments within the meaning of 29 USC §1145.

20. Pursuant to 29 USC §1132(g)(2), all Judgments obtained pursuant to 29 USC §1145 are mandated to include not only the unpaid contributions, but attorney fees, costs, liquidated damages and interest on the withdrawal liability.

21. Despite Plaintiffs' demands, OEMC continues to refuse to pay the due and owing withdrawal liability.

**WHEREFORE**, Plaintiff respectfully requests that a Judgment be entered against the Defendant and to include the following:

- A. Withdrawal liability in the amount of $623,547.00 plus all accrued interest pursuant to 29 USC §1399(e)(5);

- B. Judgment shall include the mandates of 29 USC §1132(g)(2) which include interest, liquidated damages, costs, and attorney fees, upon further submissions to the Court;

- C. This Honorable Court maintain jurisdiction of this matter pending compliance with the Court's Orders;

- D. Any such other, further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

s/David Selwocki
Sullivan, Ward, Asher & Patton, P.C.
Attorney for Plaintiff
25800 Northwestern Hwy., Suite 1000
Southfield, MI 48075
248.746.0700

Dated: November 11, 2015
P51375
jnicholson@swappc.com

W1706935/A56-124346

5